[Cite as *St. George v. Celtic Bank*, 2014-Ohio-5724.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| EARL W. ST. GEORGE dba GEORGE REAL ESTATE, | ) ) ) | |
| PLAINTIFF-APPELLEE, | ) ) | CASE NO. 14 CO 3 |
| V. | ) ) | OPINION |
| CELTIC BANK, | ) ) ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from East Liverpool Municipal Court of Columbiana County, Ohio
Case No. 2013CV100019

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee     Earl W. St. George – Pro-se
46458 Y and O Rd.
East Liverpool, Ohio 43920

For Defendant-Appellant     Attorney Peter Horvath
38294 Industrial Park Road
P.O. Box 501
Lisbon, Ohio 44432

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: December 19, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, Celtic Bank, appeals from an East Liverpool Municipal Court judgment in favor of plaintiff-appellee, Earl St. George, on appellee's claim for breach of a brokerage agreement.

{¶2} On November 13, 2013, appellee filed a complaint in small claims court alleging that appellant contracted with him to list its real estate on April 22, 2013. The contract included a brokerage fee of six percent of the sale proceeds or a minimum of $2,000. On or about September 2, 2013, appellant asked appellee to contact a potential buyer who had previously expressed an interest in the property and was willing to make a $15,000 offer. Appellee alleged that on September 10, 2013, he secured an offer from the buyer to purchase the property for $15,000 cash with no contingencies. Appellant declined to accept the offer due to "SBA" requirements. Appellant then asked appellee to sell the property at auction with a $7,000 reserve price and was only willing to pay appellee $500 for his efforts. However, appellee claimed $2,000 in damages pursuant to their aforementioned contract.

{¶3} A bench trial was held on appellee's complaint. Appellee appeared pro se and appellant was present only through counsel. The trial court found appellant breached its written contract with appellee by not paying appellee the agreed commission of $2,000 minimum. The court additionally found that appellant requested appellee to perform additional work beyond his contractual duties by listing and preparing the property for auction after he had presented a number of offers, which appellant rejected. It further found that the property sold at auction for thousands of dollars less than the offers secured by appellee. Finally, the court found appellee performed the additional duties requested by appellant without additional commission other than the $2,000 he was entitled to under the contract. Therefore, the trial court found in appellee's favor and entered judgment for $2,000 against appellant.

{¶4} Appellant filed a timely notice of appeal on January 10, 2014. Because there was no record of the trial, appellant submitted a Statement of the Evidence

approved by the trial court in accordance with App.R. 9(C).

**{¶5}** Appellant asserts a single assignment of error stating:

THE FINDING OF THE COURT, WHICH IMPOSED A CONTRACTUAL DUTY UPON THE APPELLANT BANK, WAS NOT SUPPORTED BY THE EVIDENCE.

**{¶6}** Appellant argues it had no duty to accept any offer secured by appellee. It contends its only contractual obligation was to pay appellee a commission upon completion of a sale. Appellant also notes it is fair to assume that the contract could expire with nothing owed to appellee. It argues that the trial court's interpretation of the contract required it to add language to the contract that appellant agreed to pay appellee $2,000 if appellant accepted no offers submitted by appellee.

**{¶7}** Judgments supported by some competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. *C .E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus (1978). See, also, *Gerijo, Inc. v. Fairfield*, 70 Ohio St.3d 223, 226, 638 N.E.2d 533 (1994). Reviewing courts must oblige every reasonable presumption in favor of the lower court's judgment and finding of facts. *Gerijo*, 70 Ohio St.3d at 226 (citing *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 [1984] ). In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. *Id.*

**{¶8}** The evidence as set out in the approved Statement of Evidence was as follows.

**{¶9}** The contract provided:

1. <u>TERM AND LISTING PRICE:</u> Owner hereby grants Broker the exclusive right to sell the above property from <u>April 20, 2013</u> through <u>October 19, 2013</u> for the sum of <u>$45,000</u> payable in cash upon closing or for such other terms or exchange as Owner may agree.

2. <u>BROKERAGE FEE:</u> Owner agrees to pay Broker a brokerage fee of <u>six (6)</u> % of the total sale price or a minimum fee of <u>$2,000</u>, whichever is greater, plus <u>none</u>. Owner authorizes Broker to offer <u>three (3)</u> % of the Sale Price for all Co-Broke sales. Any exceptions to this compensation will be disclosed to the Owner in writing. Owner also agrees that the brokerage fee shall be paid if Owner enters into an agreement within six (6) months following the term of this agreement or any extensions thereof to any parties to whom Broker or any cooperating broker has shown the property which results in a sale, lease or exchange of said property. However, in the event Owner enters into a bona fide Listing Agreement with another Real Estate Broker, this paragraph is null and void. Owner agrees to refer all prospective Buyers or Brokers who contact the Owner directly.

**{¶10}** Under the contract, appellant is the "Owner" and appellee is the "Broker." The other "comments" made at the trial were as follows. Appellant paid $60,000 for the property. Appellant engaged appellee to sell the property at six percent of the sale price or $2,000, whichever was greater. Appellee submitted an offer to appellant for $15,000. Appellant rejected the offer. The property was ultimately sold at auction for $2,500. The sale was initiated during the listing date of the contract. Appellee performed his contractual duties in the preparation of the property for sale on a number of occasions. Appellant asked appellee to have the property listed and sold with a local auction company, which was additional work beyond appellee's contractual duties. This occurred within the listing dates. During the time the listing contract was in effect, appellant offered appellee $500 rather than the $2,000 agreed in the contract. Appellee did not accept the proposed modification to the written contract that was still in effect.

**{¶11}** This evidence supports the trial court's judgment of $2,000 in favor of appellee. The evidence demonstrated that appellant contracted with appellee to list

its property for a six-month period commencing April 20, 2013. Under the contract, appellant was to pay appellee a commission of six percent or a minimum of $2,000 upon the sale of the property. During the listing period, appellant asked appellee to have the property listed, prepared for, and sold at auction. Appellee completed these duties, which were beyond those set out in the contract. The property sold at auction for $2,500. Appellant offered appellee $500, instead of the $2,000 minimum set out in the contract. Appellee rejected the $500.

**{¶12}** This evidence clearly and competently supports the trial court's judgment. In fact, there was no evidence contrary to the fact that appellant breached its contract with appellee by failing to pay him the agreed minimum of $2,000.

**{¶13}** Accordingly, appellant's sole assignment of error is without merit.

**{¶14}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, J., concurs.